UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
NATIONAL UTILITY SERVICE, INC.,                               :   07-CV-3345 (RJS) (GWG)
                                                              :
                       Plaintiff,                 :   **DECLARATION OF**
                                                              :   **JEFFREY A. MITCHELL**
                  -vs-                        :
                                                              :
TIFFANY & CO. and TIFFANY AND                                 :
COMPANY,                                                      :
                                                              :
                       Defendants.                :
------------------------------------------------------------- x

      **JEFFREY A. MITCHELL** makes the following declaration under the penalty of perjury pursuant to 28 U.S.C. § 1746:

      1. I am (i) a partner with the law firm of Dreier LLP, attorneys for defendants Tiffany & Co. and Tiffany and Company ("Tiffany"), and (ii) an attorney duly admitted to practice in this District and the courts of the State of New York. I have represented Tiffany in this action, and in that capacity, have personal knowledge of the documents and testimony adduced during discovery. I submit this declaration in support of the Motion for Summary Judgment of Tiffany in order to provide the Court with evidence that has been marked and identified during discovery.

      2. Annexed hereto as Exhibit 1 is a true and correct copy of an agreement dated April 7, 1992 marked for identification purposes as Exhibit 1.

      3. Annexed hereto as Exhibit 2 is a true and correct copy of an email dated December 20, 2006 from Argo Partners marked for identification purposes as Exhibit 2.

      4. Annexed hereto as Exhibit 3 is a true and correct copy of an email dated November 16, 2006 marked for identification purposes as Exhibit 3.

5.  Annexed hereto as Exhibit 4 is a true and correct copy of an email dated November 15, 2006 marked for identification purposes as Exhibit 4.

6.  Annexed hereto as Exhibit 5 is a true and correct copy of an email dated November 16, 2006 marked for identification purposes as Exhibit 5.

7.  Annexed hereto as Exhibit 6 is a true and correct copy of a letter dated December 22, 2006 marked for identification purposes as Exhibit 7.

8.  Annexed hereto as Exhibit 7 is a true and correct copy of an email dated December 22, 2006 marked for identification purposes as Exhibit 10.

9.  Annexed hereto as Exhibit 8 is a true and correct copy of an email dated December 26, 2006 marked for identification purposes as Exhibit 12.

10. Annexed hereto as Exhibit 9 is a true and correct copy of an email dated January 2, 2007 marked for identification purposes as Exhibit 14.

11. Annexed hereto as Exhibit 10 is a true and correct copy of an email string marked for identification purposes as Exhibit 16.

12. Annexed hereto as Exhibit 11 is a true and correct copy of a facsimile dated January 11, 2007 marked for identification purposes as Exhibit 17.

13. Annexed hereto as Exhibit 12 is a true and correct copy of a letter and agreement marked for identification purposes as Exhibit 41.

14. Annexed hereto as Exhibit 13 is a true and correct copy of a spreadsheet marked for identification purposes as Exhibit 43.

15. Annexed hereto as Exhibit 14 is a true and correct copy of a report dated December 22, 2006 marked for identification purposes as Exhibit 45.

16.     Annexed hereto as Exhibit 15 is a true and correct copy of a report dated December 22, 2006 marked for identification purposes as Exhibit 49.

17.     Annexed hereto as Exhibit 16 is a true and correct copy of a document marked for identification purposes as Exhibit 50.

18.     Annexed hereto as Exhibit 17 is a true and correct copy of an email dated December 26, 2006 marked for identification purposes as Exhibit 51.

19.     Annexed hereto as Exhibit 18 is a true and correct copy of an email string marked for identification purposes as Exhibit 52.

20.     Annexed hereto as Exhibit 19 is a true and correct copy of an email dated January 12, 2007 marked for identification purposes as Exhibit 54.

21.     Annexed hereto as Exhibit 20 is a true and correct copy of a memo dated January 15, 2007 marked for identification purposes as Exhibit 56.

22.     Annexed hereto as Exhibit 21 is a true and correct copy of an email dated January 15, 2007 marked for identification purposes as Exhibit 57.

23.     Annexed hereto as Exhibit 22 is a true and correct copy of a memo dated January 29, 2007 marked for identification purposes as Exhibit 58.

24.     Annexed hereto as Exhibit 23 is a true and correct copy of the Complaint marked for identification purposes as Exhibit 59.

25.     Annexed hereto as Exhibit 24 is a true and correct copy of a screen print of plaintiff's website marked for identification purposes as Exhibit 61.

26.     Annexed hereto as Exhibit 25 is a true and correct copy of an email string marked for identification purposes as Exhibit 62.

27. Annexed hereto as Exhibit 26 is a true and correct copy of a spreadsheet marked for identification purposes as Exhibit 71.

28. Annexed hereto as Exhibit 27 is a true and correct copy of a spreadsheet marked for identification purposes as Exhibit 80.

29. Annexed hereto as Exhibit 28 is a true and correct copy of an invoice dated May 6, 2008 marked for identification purposes as Exhibit 80a.

30. Annexed hereto as Exhibit 29 is a true and correct copy of a screen print of www.powersaver.ca.

31. Annexed hereto as Exhibit 30 is a true and correct copy of an agreement dated April 28, 1992 between plaintiff and Wis-Pak, Inc.

32. Annexed hereto as Exhibit 31 is a true and correct copy of a demonstrative exhibit prepared by the undersigned and derived from the information in Exhibit 24 (Exhibit 80 for identification).

33. Annexed hereto as Exhibit 32 is a true and correct copy of a screen print of plaintiff's website, www.nusinc.com.

34. Also annexed hereto are true and correct copies of the pages of the deposition transcripts cited in support of the instant motion of Christine Amundsen, David Brown (March 5, 2008 and June 19, 2008), Bruce Edson, Brian Ensor, Arnold Frankel, Bruce Mogel, Lawrence Palfini, Kathleen Schwarting, and Dale Strohl.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law filed on behalf of Tiffany, it is respectfully requested that this Court grant Tiffany's motion in its entirety.

Dated: New York, New York
       July 31, 2008

                                              Jeffrey A. Mitchell