HARTMAN & CRAVEN LLP
Peter G. Goodman (PG 4210)
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 753-7500

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NATIONAL UTILITY SERVICE, INC.,                 07 CV 3345 (RJS)(GWG)

            Plaintiff,                              DECLARATION OF
                                                PETER G. GOODMAN
    -against-

TIFFANY & CO. and TIFFANY AND COMPANY,

            Defendants.
-------------------------------------------------------------X

     **PETER G. GOODMAN** makes the following declaration under the penalty of perjury pursuant to U.S.C. 1746.

1. I am (i) a partner with the law firm of Hartman & Craven LLP, attorneys for Plaintiff National Utility Service, Inc., and (ii) an attorney duly admitted to practice in this District and the courts of the State of New York. I have represented National Utility Service, Inc. in this action, and in that capacity, have personal knowledge of the documents and testimony adduced during discovery. I submit this declaration in opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment.

2. Annexed hereto as Exhibit A is a true and correct copy of the contract between the parties dated April 7, 1992, marked for identification purposes as Exhibit 1.

3. Annexed hereto as Exhibit B is a true and correct copy of NUS's Cost Analysis Report marked for identification purposes as Exhibit 2.

4. Annexed hereto as Exhibit C is a true and correct copy of the Complaint marked for identification purposes as Exhibit 59.

5. Annexed hereto as Exhibit D is a true and correct copy of Defendants' Answer to Complaint.

6. Annexed hereto as Exhibit E is a true and correct copy of the executed agreements for the Addendum and the Data Management Services Agreement marked for identification purposes as Exhibit 41.

7. Annexed hereto as Exhibit F is a true and correct copy of an email dated November 15, 2006 marked for identification purposes as Exhibit 4.

8. Annexed hereto as Exhibit G is a true and correct copy of a series of emails marked for identification purposes as Exhibit 6.

9. Annexed hereto as Exhibit H is a true and correct copy of a series of emails marked for identification purposes as Exhibit 5.

10. Annexed hereto as Exhibit I is a true and correct copy of NUS's Report on Client Contact marked for identification purposes as Exhibit 49.

11. Annexed hereto as Exhibit J is a true and correct copy of a series of emails marked for identification purposes as Exhibit 9.

12. Annexed hereto as Exhibit K is a true and correct copy of a series of emails marked for identification purposes as Exhibit 23.

13. Annexed hereto as Exhibit L is a true and correct copy of a letter dated December 22, 2006 marked for identification purposes as Exhibit 7.

14. Annexed hereto as Exhibit M is a true and correct copy of facsimile sent on December 22, 2006 marked for identification purposes as Exhibit 73.

15. Annexed hereto as Exhibit N is a true and correct copy of a series of emails marked for identification purposes as Exhibit 12.

16. Annexed hereto as Exhibit O is a true and correct copy of an email dated December 26, 2006 marked for identification purposes as Exhibit 51.

17. Annexed hereto as Exhibit P is a true and correct copy of a letter from Bruce R. Mogel marked for identification purposes as Exhibit 8.

18. Annexed hereto as Exhibit Q is a true and correct copy of LIPA's Results of Field Investigation marked for identification purposes as Exhibit 70.

19. Annexed hereto as Exhibit R is a true and correct copy of Tiffany's historical listings diary marked for identification purposes as Exhibit 50.

20. Annexed hereto as Exhibit S is a true and correct copy of a series of emails marked for identification purposes as Exhibit 16.

21. Annexed hereto as Exhibit T is a true and correct copy of a facsimile together with a connected load study dated January 11, 2007, marked for identification purposes as Exhibit 17.

22. Annexed hereto as Exhibit U is a true and correct copy of an email dated January 12, 2007 marked for identification purposes as Exhibit 54.

23. Annexed hereto as Exhibit V is a true and correct copy of an email dated January 16, 2007 marked for identification purposes as Exhibit 57.

24. Annexed hereto as Exhibit W is a true and correct copy of a series of emails marked for identification purposes as Exhibit 21.

25. Annexed hereto as Exhibit X is a true and correct copy of a series of emails marked for identification purposes as Exhibit 24.

26. Annexed hereto as Exhibit Y is a true and correct copy of a series of emails marked for identification purposes as Exhibit 20.

27. Annexed hereto as Exhibit Z is a true and correct copy of a spreadsheet marked for identification purposes as Exhibit 43.

28. Annexed hereto as Exhibit AA is a true and correct copy of the Electricity Sales Agreement marked for identification purposes as Exhibit 35.

29. Annexed hereto as Exhibit BB is a true and correct copy of the Electricity Sales Agreement marked for identification purposes as Exhibit 36.

30. Annexed hereto as Exhibit CC is a true and correct copy of LIPA Invoices to Tiffany marked for identification purposes as Exhibit 76.

31. Annexed hereto as Exhibit DD is a true and correct copy of LIPA Invoices to Polo/Ralph Lauren marked for identification purposes as Exhibit 77.

32. Annexed hereto as Exhibit EE is a true and correct copy of LIPA billing data for Polo/Ralph Lauren marked for identification purposes as Exhibit 78.

33. Annexed hereto as Exhibit FF is a true and correct copy of NUS's damage computations marked for identification purposes as Exhibit 80A.

34. Annexed hereto as Exhibit GG is a true and correct copy of NUS's adjusted damage computations marked for identification purposes as Exhibit 82A.

35. Annexed hereto as Exhibit HH is a true and correct copy of LIPA Service Classifications (rates) marked for identification purposes as Exhibit 83.

36. Annexed hereto as Exhibit II is a true and correct copy of correspondence relating to the Electricity Sales Agreement.

37. Annexed hereto as Exhibit JJ is a true and correct copy of Tiffany Expense Statements marked for identification purposes as Exhibit 80.

38. Annexed hereto as Exhibit KK is a true and correct copy of a Memorandum Opinion dated in the case entitled *Allied Supermarkets, Inc. v. National Utility Service, Inc.,* Civil Action No. 32336 (E.D. Mich. 1974).

39. Annexed hereto as Exhibit LL is a true and correct copy of Con Ed Solutions Invoices to Tiffany.

40. Annexed hereto as Exhibit MM is a true and correct copy of a series of emails marked for identification purposes as Exhibit 22.

41. Annexed hereto as Exhibit NN is a true and correct copy of a NUS Memorandum marked for identification purposes as Exhibit 56.

42. Annexed hereto as Exhibit OO is a true and correct copy of an email dated January 2, 2007 marked for identification purposes as Exhibit 14.

43. Annexed hereto as Exhibit PP is a true and correct copy of a series of emails marked for identification purposes as Exhibit 28.

44. Annexed hereto as Exhibit QQ is a true and correct copy of a series of emails marked for identification purposes as Exhibit 10.

45. Also annexed hereto are true and correct copies of the pages of the cited deposition transcripts of Dale Strohl, Lawrence Palfini, Bruce Mogel, Christine Amundsen, Arnold Frankel, Kathleen Schwarting, David Brown, Brian Ensor, Eric Ziegler and Lawrence Affrunti.

WHEREFORE, it is respectfully requested that this Court deny defendants' motion and grant plaintiff's cross-motion for summary judgment in its entirety.

Dated: New York, New York         s/ _____
       September 4, 2008                    Peter G. Goodman