# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
NATIONAL UTILITY SERVICE, INC.,

    Plaintiff,

-vs-

TIFFANY & CO. and TIFFANY AND COMPANY,

    Defendants.
---------------------------------------------------------------- x

07-CV-3345 (KMK) (GWG)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

    Defendants, Tiffany & Co. and Tiffany and Company (collectively "Defendants"), by and through their attorneys, Dreier LLP, as and for their Answer to the Complaint (hereinafter the "Complaint") of plaintiff National Utility Service, Inc. ("NUS"), allege as follows:

    1.    Deny the allegations contained in paragraph 1 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court.

    2.    Are without knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph 2, 3, and 4 of the Complaint, and therefore deny them.

    3.    Admit the allegations contained in paragraphs 5, 6, 7, 8, 9, and 10.

    4.    Deny the allegations contained in paragraphs 11, 12, and 13 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court, except admit that the Complaint purports to state a claim for damages in excess of $75,000, for which there is diversity jurisdiction, and that venue in the Southern District of New York is proper.

    5.    Deny the allegations contained in Paragraph 14 of the Complaint, except admit that Dave Strohl executed the document annexed to the Complaint as Exhibit 1 and respectfully refer the Court to the document for its terms and effect.

{00254472.DOC;3}

6. Deny the allegations contained in paragraphs 15 and 16.

7. Are without knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore deny them.

8. Deny the allegations contained in paragraphs 18 and 19 and respectfully refer all questions of law alleged therein for determination by the Court.

9. Deny the allegations contained in paragraph 20, except admit that plaintiff was paid $12,000.

10. Deny the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, and 28 and respectfully refer the Court to the document for its terms and effect and all questions of law alleged therein for determination by the Court.

11. Deny the allegations contained in paragraph 29, but admit that Tiffany sent written notice of cancellation on February 23, 2007.

12. Deny the allegations contained in paragraphs 30, 31, 32, and 33 and respectfully refer all questions of law alleged therein for determination by the Court.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

13. In response to the allegations incorporated by reference into paragraph 34 of the Complaint, Defendants repeat and reallege each and every answer set forth above as if fully set forth herein.

14. Admit the allegations contained in paragraphs 35 and 36 of the Complaint.

15. Deny the allegations contained in paragraphs 37 and 38 of the Complaint, except admit that plaintiff was furnished information relating to the cost of electricity used at the Manhasset store.

16. Are without knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraphs 39, 40, 41, 42, 43, and 44 of the Complaint, and therefore deny them, except admit that plaintiff identified a one-time mistake in a bill for the Manhasset store.

17. Deny the allegations contained in paragraph 45 of the Complaint, except admit that plaintiff sent the document annexed to the Complaint as Exhibit 2 by electronic mail on or about December 20, 2006.

18. Admit the allegations contained in paragraphs 46 and 47 of the Complaint.

19. Deny the allegations contained in paragraphs 48 and 49 of the Complaint and respectfully refer the Court to the document for its terms and effect.

20. Deny the allegations contained in paragraphs 50 and 51 of the Complaint.

21. Are without knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraphs 52 and 53 of the Complaint, and therefore deny them.

22. Deny the allegations contained in paragraphs 54 and 55 of the Complaint, except admit that Plaintiff identified a one-time mistake in a bill for the Manhasset store where Tiffany was mistakenly billed for someone else's electricity usage.

23. Deny the allegations contained in paragraph 56 of the Complaint, except admit that Tiffany paid its bills on a timely basis.

24. Deny the allegations contained in paragraphs 57, 58, 59, 60, 61, 62, and 63 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court.

{00254472.DOC;3}   3

25. Deny the allegations contained in paragraph 64 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court, except admit that Tiffany has paid plaintiff a total of $12,000.

26. Deny the allegations contained in paragraphs 65, 66, and 67 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit)

27. In response to the allegations incorporated by reference into paragraph 68 of the Complaint, Defendants repeat and reallege each and every answer set forth above as if fully set forth herein.

28. Are without knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraphs 69 and 70 of the Complaint, and therefore deny them

29. Deny the allegations contained in paragraph 71 of the Complaint.

30. Deny the allegations contained in paragraphs 72, 73, 74, and 75 of the Complaint and respectfully refer all questions of law alleged therein for determination by the Court.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

31. In response to the allegations incorporated by reference into paragraph 76 of the Complaint, Defendants repeat and reallege each and every answer set forth above as if fully set forth herein.

32. Deny the allegations contained in paragraphs 77, 78, 79, 80, and 81 of the Complaint, and respectfully refer all issues of law for determination by the Court.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment and Specific Performance)

33.   In response to the allegations incorporated by reference into paragraph 82 of the Complaint, Defendants repeat and reallege each and every answer set forth above as if fully set forth herein.

34.   Deny the allegations contained in paragraphs 83, 84, 85, 86, and 87 of the Complaint, and respectfully refer all issues of law for determination by the Court.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

If there were any valid contract between the parties hereto, it was cancelled on or about February 23, 2007.

### THIRD AFFIRMATIVE DEFENSE

To the extent there was a valid contract between the parties, it was cancelled on or about February 23, 2007. Accordingly, defendants were not obligated to provide plaintiff with any "energy bills, contracts, or other information covering all of its operations including, without limitation, the Manhasset Store."

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor and against plaintiff as follows:

    A.   Dismissing the Complaint,

    B.   For attorneys' fees, costs and interest incurred as allowed by law; and

    C.   For such other and further relief as the Court deems proper.

{00254472.DOC;3}                                        5

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury as to all issues so triable in this matter.

Dated: New York, New York
       June 7, 2007

                                **DREIER LLP**

                                By: _____
                                    Jeffrey A. Mitchell, Esq. (JM-5323)
                                    E. Timothy McAuliffe, Jr., Esq. (EM-6242)
                                *Attorneys for Defendants*
                                499 Park Avenue
                                New York, New York 10022
                                (212) 328-6100

TO:    Peter G. Goodman, Esq. (PG-4210)
         **HARTMAN & CRAVEN LLP**
         *Attorneys for Plaintiff*
         488 Madison Avenue
         New York, New York 10022
         (212) 753-7500